12-4052
Li v. Holder

BIA
A079 307 044

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand fourteen.

PRESENT:
>       ROSEMARY S. POOLER,
>       DEBRA ANN LIVINGSTON,
>       SUSAN L. CARNEY,
>               *Circuit Judges.*

_____

LI HUA LI,
>       *Petitioner,*

>       v.                                12-4052
>                                         NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Gerald Karikari, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Jane T. Schaffner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Li Hua Li, a native and citizen of the People's Republic of China, seeks review of a September 13, 2012 decision of the BIA denying her motion to reopen. *In re Li Hua Li*, No. A079 307 044 (B.I.A. Sept. 13, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien must file a motion to reopen within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although Li's

motion was indisputably untimely because it was filed more than seven years after the agency's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), there is no time limitation for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not err in finding that Li failed to demonstrate a material change in country conditions excusing the untimely filing of her motion because her individualized evidence demonstrating that authorities had discovered her religious activities was entitled to little weight given the underlying adverse credibility determination, *see Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007). Further, the generalized country conditions evidence that she submitted did not establish that conditions in China had worsened such that individuals similarly situated to Li faced persecution, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Jian Hui Shao*, 546 F.3d at 169. Accordingly, the BIA

did not abuse its discretion in denying Li's motion to reopen as untimely.  *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4